**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DAMIAN R. HERRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00526 |
| | ) | |
| MISSOURI BOARD OF | ) | |
| PROBATION AND PAROLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Damian Herron's Motion for Leave to Proceed in Forma Pauperis. Doc. [5]. Having reviewed the Motion and the financial information submitted in support, Doc. [6], the Court grants the Motion and assesses an initial partial filing fee of $1.75. Additionally, for the reasons set forth below, the Court dismisses the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(B)(1)

A prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner lacks funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). Until the filing fee is paid, the agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00. *Id.*

In support of his Motion, Plaintiff filed a certified inmate account statement showing an average monthly deposit of $8.75. Doc. [6]. The Court therefore assesses an initial partial filing fee of $1.75.

1

## LEGAL STANDARD

This Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the court to use judicial experience and common sense. *Id*. at 679. The court assumes the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

The Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Still, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, and need not interpret procedural rules to excuse mistakes by persons proceeding without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993); *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (self-represented litigants are not excused from following substantive and procedural law).

In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

2

**BACKGROUND**

On May 3, 2021, Plaintiff filed a handwritten one-page Complaint in which he alleged a claim under 42 U.S.C. § 1983 against the Missouri Board of Probation and Parole. Doc. [1]. On June 29, 2021, the Court ordered Plaintiff to amend his pleading, as it was not filed on the required Court-provided form. Doc. [3]. That same day, the Court ordered that Plaintiff file both a separate motion to proceed *in forma pauperis* and a prison account statement, or pay the full $400.00 filing fee. On July 14, 2021, Plaintiff filed an Amended Complaint, a motion to proceed *in forma pauperis,* and a prison account statement. Docs. [4], [5], and [6].

In the Amended Complaint, Plaintiff alleges the following:

> From the date of November 6th 2019 to March of 2020, I was falsely charged $30 for each month in intervention fees even though I was incarcerated in Stoddard County Jail, and MO Probation & Parole had recommended delayed action in regards to my case. I did not suffer any physical injuries. MO Probation and Parole wrongfully charged me with intervention fees during the time period of November 6th, 2019 – March, 2020. Not only was I incarcerated at the time, but I was also on delayed action in reference to my probation. Doc. [4] at 3-4.

Plaintiff seeks what he owes "on [his] account in intervention fees," as well as $100,000 in damages. Doc. [4] at 5.

The Missouri Board of Probation and Parole is a division of the Missouri Department of Corrections. MO. REV. STAT. § 217.015. Under Missouri's parole statute, "[t]he division of probation and parole has discretionary authority to require the payment of a fee, not to exceed sixty dollars per month, from every offender placed under division supervision on probation, parole, or conditional release," and to "waive all or part of any fee." *Id.* § 217.690.3. Missouri's Code of State Regulations establishes the procedure for collecting "intervention fees" and outlines the terms for a waiver making a person exempt from payment of the fee. *See* Mo. Code Regs. Ann. Title 14, § 80-5.020. Among other exceptions, the regulations allow a person to obtain an intervention fee waiver if he has insufficient income. Mo. Code Regs. Ann. Title 14, § 80-5.020(1)(H).

**DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dept. of*

*Soc. Servs.*, 436 U.S. 658, 685 (1978).  Section 1983 provides only a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]."  42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("[§ 1983] merely provides a method for vindicating federal rights elsewhere conferred").  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff does not specifically claim that Defendant violated his right to due process; nor does he allege that he was deprived of a property interest[1] through inadequate state procedures.  To the extent Plaintiff intends to claim that Defendant violated his right to procedural due process by denying him a pre- or post-deprivation proceeding, the Amended Complaint fails to state a claim.

In *Jackson v. Chairman & Members of Mo. Bd. of Prob. & Parole*, this Court considered whether the imposition of parole intervention fees without pre-deprivation proceedings violated a parolee's right to due process.  2010 WL 5070722 (E.D. Mo. Dec. 7, 2010), *aff'd, Jackson v. Chairman & Members of Mo. Bd. of Prob. & Parole*, No. 11-1054 (8th Cir. 2011).  The Court recognized that while the parolee had an interest in avoiding an erroneous fee assessment, if he believed he was exempt from the fees he could either speak to his parole officer or request a waiver pursuant to Missouri Code of State Regulations Title 14, § 80-5.020(1)(H).  *Jackson*, 2010 WL 5070722, at *6.  The Court also determined that the risk of erroneous deprivation was low, that Missouri had an interest in reimbursement for services provided, and that a pre-deprivation hearing for each person would be onerous and unnecessary, as the terms for waiver were outlined in Missouri's Code of State Regulations.  *Id*.

The same result is proper here.  As in *Jackson*, Plaintiff may seek a waiver under Missouri's Code of State Regulations.  The same state concerns and low risk of erroneous

---

[1] Plaintiff has a property interest in the money in his inmate account. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571–72 (1972) (acknowledging real estate, chattels, and money as basic property interests); *see also Taylor v. Sebelius*, 189 Fed. App'x 752, 760 (10th Cir. 2006) (a prisoner has a property interest in a prison trust account).

4

deprivation recognized in *Jackson* are present here. While Plaintiff asserts that Defendant reached an erroneous result, such error does not rise to a procedural due process violation. The right to procedural due process neither depends on the merits of a person's claims, nor guarantees a correct result every time. *See Carey v. Piphus,* 435 U.S. 247, 266 (1978); *Pietsch v. Ward Cnty.*, 446 F. Supp. 3d 513, 538 (D.N.D. 2020). It is concerned only with the adequacy of process. Here, plaintiff alleges nothing permitting the inference that he was subjected to an unfair process.

Even if Plaintiff's Amended Complaint stated a claim under the due process clause, his claim would be barred by the 11th Amendment. Plaintiff named as sole defendant the Missouri Board of Probation and Parole. Doc. [4]. Because the Missouri Board of Probation and Parole is an "instrumentality" of the State of Missouri, it is entitled to sovereign immunity in federal court under the 11th Amendment. *Jackson v. Mo. Bd. of Prob. & Parole*, 306 Fed. App'x 333 (8th Cir. 2009) (upholding the district court's dismissal of suit against the Missouri Board of Probation and Parole on 11th Amendment grounds).

After reviewing and liberally construing the Amended Complaint, the Court concludes it must be dismissed. It is apparent that allowing Plaintiff to file a second amended complaint would be futile, as adding new defendants not shielded by 11th Amendment immunity would not cure the claim's inherent defects.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis, Doc. [5], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $1.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Amended Complaint, Doc. [4], is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of December, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE